**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN THE MATTER OF:<br><br>RAMALLO BROS. PRINTING, INC.<br><br>Debtor | CASE NO. 14-01948 (EAG)<br><br>CHAPTER 11 |

**MOTION IN COMPLIANCE WITH ORDER AND SUPPLEMENTING**
**MOTION REQUESTING USE OF CASH COLLATERAL**

TO THE HONORABLE COURT:

COMES NOW Debtor through its undersigned counsel and very respectfully states and prays:

**I.    INTRODUCTION**

1.    On March 14, 2013, Debtor filed its voluntary petition for reorganization under the provisions of Chapter 11 of the Bankruptcy Code, and as of that date has been operating its business and managing its affairs as debtor in possession, as provided for in the Bankruptcy Code. See Docket No. 1.

2.    On March 20, 2014, LSREF2 Island Holding, Ltd., Inc. ("LSREF") filed a motion requesting entry of order prohibiting use of cash collateral and for adequate protection (the "Motion"). See Docket No. 11.

3.    On April 7, 2013, Debtor filed a motion opposing the motion and requesting an order for the use of cash collateral. See Docket No. 26.

4.    This Court issued an order scheduling the aforementioned contested

Case:14-01948-EAG11 Doc#:53 Filed:05/07/14 Entered:05/07/14 15:03:57 Desc: Main
Document Page 2 of 20

**Ramallo Bros. Printing, Inc.**
*Motion in Compliance with Order* Page 2
================================================================================

matter for a hearing to be held on May 5, 2013. See Docket No. 28.

5. During said hearing, the Court granted Debtor until today at noon to supplement Debtor's motion for use of cash collateral filed at Docket No. 26. In full compliance with this Court's order, Debtor hereby submits the instant motion to supplement its request for use of cash collateral in full compliance with this Court's order and with LBR 4001-2.

## II. BACKGROUND

6. To clarify and/or amend Debtor's prior request for use of cash collateral, Debtor hereby details its proposal and the legal basis for its request.

7. Debtor must be able to use LSREF2's cash collateral arising from Debtor's accounts receivable and inventory for its effective reorganization, the proceeds of which could be segregated by Debtor in its debtor-in-possession bank account.

8. 11 U.S.C. §363(c)(2) states that a debtor-in-possession may not use cash collateral unless each entity that has an interest in such cash collateral consents or the court, after notice and a hearing, authorizes such use in accordance with the provisions of section 363 of the Bankruptcy Code.

9. LSREF2 will be adequately protected in Debtor's use of the accounts receivable and inventory, considering the accounts receivable and inventory will be replenished in Debtor's ordinary course of business in such a fashion that LSREF2 will be receiving replacement liens in the generated accounts receivable and post-petition inventory that will compensate or exceed those to be used. To prove this fact Debtor is

**Ramallo Bros. Printing, Inc.**
*Motion in Compliance with Order* Page 3
================================================================================

hereby submitting a cash collateral projection for the four (4) months period from the petition date, i.e. March 14, 2014, to July 14, 2014 as **Exhibit A** to this motion. Under said assumption, on a monthly basis, Debtor would submit a report to LSREF2 as to the accounts receivable collected and generated, and the inventory used and purchased during during the preceding month.

10. As set forth in 11 U.S.C. §361, when adequate protection is required under section 363 of an interest of an entity in property, such adequate protection may be provided by granting to such entity an additional or replacement lien to the extent that such use results in a decrease in the value of such entity's interest in such property, or by the granting of such other relief, other than entitling such entity to compensation allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11. The interest in property entitled to adequate protection is the value of the collateral itself, not the right to foreclose and reinvest the foreclosure proceeds. *United States Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 372, 98 L. Ed. 2d 740, 108 S. Ct. 626 (1987). *Beal Bank, S.S.B. v. Waters Edge Ltd. Pshp.*, 248 B.R. 668, 682 (D. Mass. 2000).

12. A substantial equity cushion can obviate the need for any other adequate protection. *In re Mellor,* 734 F2d. 1396 (9th Cir. 1984); *In re Adams,* 218 B.R. 597 (Bankr. D.

Case:14-01948-EAG11 Doc#:53 Filed:05/07/14 Entered:05/07/14 15:03:57 Desc: Main
Document Page 4 of 20

**Ramallo Bros. Printing, Inc.**
*Motion in Compliance with Order* Page 4
================================================================================

Kan. 1998); *In re Shepard Clothing Co., Inc.*, 280 B.R. 786 (2002); *In re Sarafoglou*, 345 B.R. 19 (2006). *In re Lodge at Big Sky, LLC*, 454 B.R. 138, 144 (2011).

13. Where a lender is adequately protected as LSREF2 would be, courts will authorize a debtor to use cash collateral in the ordinary course of its business, even over the objection of the lender. See e.g., *In re Proalert, LLC,* 314 B.R. 436, 444 (9th Cir. B.A.P. 2004) ("[T]he key consideration in deciding whether to allow the use of cash collateral is whether the secured creditor's interest is adequately protected."); *In re Triplett*, 87 B.R. 25, 27 (Bankr. W.D. Tex. 1988) ("In cases where the debtor clearly demonstrates that the value of collateral adequately protects the interests of the secured creditor, income from the collateral – i.e., § 363 'cash collateral' – may be used by the debtor for the benefit of the estate and need not be devoted exclusively to the protection of the creditor or the collateral").

14. LSREF2's interest in the stream of Debtor's future receivables would be adequate protection to LSREF2 for Debtor's use of its receivables, since the value of the stream of Debtor's future receivables will not decline and LSREF2 would be receiving a replacement lien of equal or greater value on the new receivables to be generated by Debtor. The same applies to the inventory, which will continue to be at the same level or exceed the level of the bankruptcy filing. *See In re Mullen,* 172 B.R. 473 (Bankr. D. Mass. 1994), *In re Dynaco Corp.*, 162 B.R. 389 (Bankr.D.N.H.1993); *In re International Design & Display Group, Inc.*, 154 B.R. 362, 364 (Bankr.S.D.Fla.1993); *In re Ledgemere Land Corp.*, 116 B.R. 338, 343 (Bankr.D.Mass.1990); *In re T.H.B.*

Case:14-01948-EAG11 Doc#:53 Filed:05/07/14 Entered:05/07/14 15:03:57 Desc: Main
Document Page 5 of 20

**Ramallo Bros. Printing, Inc.**
*Motion in Compliance with Order* Page 5
================================================================================

*Corp.,* 85 B.R. 192 (Bankr.D.Mass.1988). *See also,* Raymond T. Nimmer, *Adequate Protection,* Chapter 11 Theory and Practice 16.72 (James F. Queenan, Jr., Philip J. Hendel, Ingrid M. Hillinger, eds., 1994) ("[W]here there is the likelihood that the new collateral will match or exceed values attributable to the property that is consumed, the grant of the replacement lien provides adequate protection").

15. The statutory scheme of Section 361 indicates that adequate protection is intended to encompass a broad range of creditor interests and does not mandate an interpretation of the creditors' interest as a whole of the economic bargain. It is clearly susceptible to differing applications over a wide range of fact situations and will depend, *inter alia,* on the nature of the collateral and its proposed use. *In re Briggs Transp., Co.,* 780 F2d. 1339, 1345 (8th Cir. 1985).

16. Debtor has an immediate need to use its receivables in order to be able to continue its operations, since otherwise Debtor would become inoperable and its Chapter 11 proceedings would be doomed to Debtor's detriment and that of its creditors.

17. Debtor is submitting as **Exhibit B** hereto a budget prepared for a four (4) month period from the Petition Date of March 14, 2014 to July 14, 2014, which shows that during that period, Debtor by being able to use its receivables will have a profitable and feasible operation. More importantly, as **Exhibit A** hereto shows, Debtor's receivables will increase from the $2,206,148.00 that existed at the Petition Date of March 14, 2014 to $2,216,231 by July 2014.

Case:14-01948-EAG11 Doc#:53 Filed:05/07/14 Entered:05/07/14 15:03:57 Desc: Main
Document Page 6 of 20

**Ramallo Bros. Printing, Inc.**
*Motion in Compliance with Order* Page 6
==============================================================================

### III. COMPLIANCE WITH LBR 4001-2

18. Pursuant to LBR 4001-2(a), Debtor sets forth the following:

    (1). The total amount of the cash collateral that is requested to be used is the $2,206,148.00. However, as shown in the budget attached as **Exhibit B** hereto, Debtor's monthly expenditures will be limited to a maximum of $1,500,000.00.

    (2). The specific uses to which the funds will be put include payment of statutory fees, purchases, operational expenses, taxes, insurances, wages and such other expenses as Debtor incurs in the ordinary course of its business, pursuant to the budget submitted as **Exhibit B** hereto.

    (3). In compliance with LBR 4001-2, Debtor is attaching hereto as **Exhibit B** a budget wherein it is detailing how it proposes to use the cash collateral.

    (4). The total amount of debt owed to LSREF2 is in dispute and could be subject of an adversary proceeding unless the parties reach an agreement. As of the filing date, Debtor listed LSREF2's claims in the total amount of $11,375,468.41.

    (5). The current value of Debtor's assets encumbered by LSREF2's liens, is approximately $9,541,492.74. However, the value of the cash collateral as to which LSREF2 has a perfected security interest is $5,686,492.74 consisting of the pre-petition receivables and inventory.

    (6). Debtor submits that LSREF2 will be adequately protected by a replacement lien on Debtor's prospective accounts receivable and inventory, which would exceed the amount to be used.

    (7). Use of the cash collateral would require carve-outs for U.S. Trustee and professional fees, to be paid by Debtor's use of cash

Case:14-01948-EAG11 Doc#:53 Filed:05/07/14 Entered:05/07/14 15:03:57 Desc: Main
Document Page 7 of 20

**Ramallo Bros. Printing, Inc.**
*Motion in Compliance with Order* Page 7
========================================================================

collateral upon the entry of appropriate orders, as required, estimated as shown in **Exhibit B** hereto in the monthly prorated amount of $10,000.00.

**WHEREFORE,** it is respectfully requested that the Court enters an order in a form similar to the self-contained proposed form of order included hereto as **Exhibit C** pursuant to LBR 4001-2 (a), authorizing Debtor to use its accounts receivable and inventory, as indicated herein and in **Exhibit B** hereto, with the adequate protection for their use indicated above.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to **LSREF2 through counsel**, the **Assistant US Trustee**, and all participants of CM/EMF.

San Juan, Puerto Rico, this 7th day of May, 2014.

*s/ Alexis Fuentes-Hernández, Esq.*
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201


**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215, 5216
Fax. (787) 722-5206
E-Mail: alex@fuentes-law.com

**EXHIBIT A**

Name of Debtor: Ramallo Bros. Printing, Inc.
Date of Petition: 03/14/14
Case Number: 14-01948-11

# Cash Collateral Analysis

## Projected Account Receivable-Cash Colateral

| | March-April | April-May | May-June | June-July |
|---|---|---|---|---|
| Beginning Account Receivable | $ 2,206,148 | $ 2,170,672 | $ 2,223,922 | $ 2,256,404 |
| Add: Net Sales | 1,333,606 | 1,475,102 | 1,475,102 | 1,376,761 |
| Less: Collections | 1,369,082 | 1,421,852 | 1,442,619 | 1,416,935 |
| Ending Bal. Account Receivable-Trade | $ 2,170,672 | $ 2,223,922 | $ 2,256,404 | $ 2,216,231 |

## Projected Raw Material And Work in Process-Cash Collateral

| | March-April | April-May | May-June | June-July |
|---|---|---|---|---|
| Raw Material and WIP at Petition Date | 3,480,344 | | | |
| Beginning Bal. Raw Material and WIP | - | 3,489,372 | 3,499,358 | 3,509,344 |
| Add: Purchases | 510,464 | 564,624 | 564,624 | 526,983 |
| Less: COGS | 501,436 | 554,638 | 554,638 | 517,662 |
| Ending Bal. Raw Material and WIP | $ 3,489,372 | $ 3,499,358 | $ 3,509,344 | $ 3,518,665 |

## Cash Collateral Analysis

| | March-April | April-May | May-June | June-July |
|---|---|---|---|---|
| Total AR, RM and WIP at Petition Date | $ 5,686,492 | $ 5,686,492 | $ 5,686,492 | $ 5,686,492 |
| Total AR, RM and WIP-Post Petition | $ 5,660,044 | $ 5,723,280 | $ 5,765,749 | $ 5,734,896 |

**EXHIBIT B**

Case:14-01948-EAG11 Doc#:53 Filed:05/07/14 Entered:05/07/14 15:03:57 Desc: Main
Document Page 10 of 20

**RAMALLO BROS. PRINTING INC.**
**PROJECTED INCOME/CASH FLOW STATEMENT**
**FOR THE FOUR MONTH PERIOD ENDING ON JULY 14, 2014**

| | Mid-March-April | April-May | May-June | June-July |
|---|---|---|---|---|
| **Sales** - Quick Print | $ 1,369,082 | $ 1,421,852 | $ 1,442,619 | $ 1,416,935 |
| **Less: Cost of Goods** | | | | |
| Materials Cost - Paper | 330,679 | 365,764 | 365,764 | 341,380 |
| Materials Cost - Ink | 95,730 | 105,886 | 105,886 | 98,827 |
| Materials Cost - Others | 84,056 | 92,974 | 92,974 | 86,776 |
| **Total Materials Cost** | $ 510,464 | $ 564,624 | $ 564,624 | $ 526,983 |
| Direct Labor | 187,000 | 143,000 | 143,000 | 143,000 |
| *Overhead Expense* | | | | |
| Employee Salaries & Benefits | 58,000 | 50,000 | 50,000 | 50,000 |
| Payroll Taxes | 11,600 | 10,000 | 10,000 | 10,000 |
| Medical Insurance | 10,719 | 10,719 | 10,719 | 10,719 |
| Gas | 75,000 | 66,217 | 66,217 | 61,802 |
| Repair & Maintenance | 79,565 | 88,007 | 88,007 | 82,140 |
| Waste & Water Disposal | 25,415 | 28,112 | 28,112 | 26,238 |
| Auto Expense | 2,000 | 2,000 | 2,000 | 2,000 |
| Outside Service | 45,000 | 45,000 | 45,000 | 45,000 |
| Total | 307,300 | 300,055 | 300,055 | 287,899 |
| | - | - | - | - |
| **Cost of Goods Sold** | $ 1,004,764 | $ 1,007,679 | $ 1,007,679 | $ 957,882 |
| **Gross Profit** | $ 328,842 | $ 467,422 | $ 467,422 | $ 418,880 |
| **Operating Expenses** | | | | |

| | | | |
|---|---:|---:|---:|
| *Selling Expenses* | | | |
| Employee Salaries & Benefits | 44,000 | 35,000 | 35,000 |
| Payroll Taxes | 6,000 | 6,000 | 6,000 |
| Medical Insurance | 1,689 | 1,689 | 1,689 |
| Waste & Water Disposal | 443 | 490 | 457 |
| Repair & Maintenance | - | - | - |
| Telephone & Postage | 348 | 348 | 348 |
| Office Supplies | 360 | 360 | 360 |
| Auto Expense | 6,000 | 4,000 | 4,000 |
| Representation Expenses | 2,000 | 2,000 | 2,000 |
| Total | 60,840 | 49,887 | 49,854 |
| *Administrative Expenses* | | | |
| Employee Salaries & Benefits | 120,000 | 96,000 | 96,000 |
| Payroll Taxes | 24,000 | 19,200 | 19,200 |
| Medical Insurance | 2,591 | 2,591 | 2,591 |
| Waste & Water Disposal | 2,376 | 2,628 | 2,453 |
| Repair & Maintenance | 6,830 | 7,555 | 7,051 |
| Telephone & Postage | 9,899 | 9,899 | 9,899 |
| Computer & Software | 7,264 | 7,264 | 7,264 |
| Office Supplies | 2,000 | 2,000 | 2,000 |
| Auto Expense | 2,748 | 3,039 | 2,837 |
| Representation Expenses | 18,000 | 2,000 | 2,000 |
| General Insurance | 13,667 | 13,667 | 13,667 |
| Other Professional Services | 5,000 | 5,000 | 5,000 |
| Security | 350 | 350 | 350 |
| Miscellaneous | 2,100 | 2,100 | 2,100 |
| Total | 216,825 | 173,293 | 172,412 |
| Total Operating Expenses | $ 277,665 | $ 223,180 | $ 222,266 |

| | | | |
|---|---|---|---|
| Total Expenses | $ 1,282,428 | $ 1,230,859 | $ 1,180,148 |
| **Cash Flow from Operations** | **$ 51,177** | **$ 244,242** | **$ 196,614** |

Note: Rental, Electricity and Water are not inclueded due to a credit with MSJ.

**EXHIBIT C**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 14-01948 (EAG) |
| RAMALLO BROS. PRINTING, INC. | |
| Debtor | CHAPTER 11 |

### ORDER AUTHORIZING USE OF CASH COLLATERAL AND
### GRANTING THE SECURED CREDITOR ADEQUATE PROTECTION

This matter coming before the Court on the Application of the Debtor for Entry of an Order (I) Authorizing Use of Cash Collateral; and (II) Granting the Secured Creditor Adequate Protection (the "Application"), filed by the above-captioned debtor and debtor-in-possession (the "Debtor"); the Court having reviewed the Application, and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Interim Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Application and the Interim Hearing was sufficient under the circumstances; after due deliberation, the Court having determined that the relief granted below is in the best interests of the Debtor, its estate and its creditor, is essential to preserve the going concern value of the Debtor's business and is necessary to

avoid immediate and irreparable harm to the Debtor and its estate; and good and sufficient cause having been shown;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:**

A. Petition. On March 14, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its affairs as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

B. Jurisdiction and Venue. The Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334. The Application is a "core" proceeding as defined in 28 U.S.C. §157(b)(2)(A), (D), and (M). Venue of the Case and the Application in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Notice. The Notice given by the Debtor of the Application, the Interim Hearing and the Final Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001(b) and (c).

D. Debtor's Acknowledgments and Agreements. The Debtor admits, stipulates, and agrees that:

> (1) Prepetition Liens. Prior to the commencement of the Case, LSREF2 Island Holding, Ltd., Inc. ("the Secured Creditor"), perfected liens over Debtor's account receivables and inventory;
>
> (2) Prepetition Obligations Amount. As of the Petition Date, the aggregate amount of all liens is approximately $9,541,492.74.  However, the value of the cash collateral as to which the Secured Creditor has a perfected security

interest is $5,686,492.74 consisting of the pre-petition receivables and inventory;

(3) Prepetition Collateral. As of the Petition Date, the Prepetition Liens are secured by Debtor's account receivables and inventory.

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED for the four (4) month period set forth below.

2. The Debtor is immediately authorized to use the Cash Collateral retroactively to the Petition Date to July 14, 2014 ("the Period"). Cash Collateral may be used during the Period solely up to the amounts (subject to the ten percent (10%) variance described below), at the times and substantially for the purposes identified in the Budget (a copy of which is included as an Exhibit to the Application).

3. If any amount in the Budget is not used for a particular line item in the Budget during the period for which usage of the Cash Collateral is authorized for such line item in this Order, or if Cash Collateral are used in an amount less than specified in such line item for the budgeted period, then the Debtor may carry over any such unused amount to future periods in the Budget for such line item in the Budget (plus the Permitted Variance for that period).

4. The Debtor shall deposit all cash, checks or monies, which the Debtor now has on hand into its DIP checking account.

5. In consideration for the use of the Prepetition Cash Collateral, the Secured Creditor shall receive the following (collectively the "Adequate Protection"):

> i. Adequate Protection Liens. To the extent there is a diminution in the value of the Secured Creditor's interests in

the Prepetition Collateral (whether the reason for such diminution is as a result of, arises from, or is attributable to, any or all of the imposition of the automatic stay (including, without limitation, any diminution in value of such interests in the Prepetition Collateral prior to the Secured Creditor seeking vacation of the automatic stay or the Court granting such relief), the priming of the Prepetition Liens, the use of Cash Collateral or the physical deterioration, consumption, use, sale, lease, disposition, shrinkage, or decline in market value of the Prepetition Collateral), the Secured Creditor, is granted replacement liens (the "Replacement Liens") in the Prepetition Collateral, which Replacement Liens are valid, binding, enforceable and fully perfected as of the Petition Date without the necessity of the execution, filing or recording by the Debtor or the Secured Creditor of security agreements, pledge agreements, financing statements, or other agreements, and shall be equivalent to a lien granted under section 364(c) of the Bankruptcy Code, and which such Replacement Liens shall cover assets, interest, and proceeds of the Debtor that are or would be collateral under the liens if not for Bankruptcy Code section 552(a).

      ii. An additional monthly payment in the amount of $0 shall be paid to the Secured Creditor on the 5th day of each month of the Period.

8. The Debtor shall grant no further encumbrances of any kind or type against any real or personal property which the Debtors own without the prior written consent of the Secured Creditor or without obtaining approval from this Honorable Court. The Debtor shall not sell or transfer any of its assets during the Period without the prior written consent of the Secured Creditor or without obtaining approval form this Honorable Court.

9. As detailed in the Budget (a copy of which is included as an Exhibit to the Application), the Secured Creditor's liens, claims and security interests in the Collateral shall be subject only to the right of payment of the following expenses (the "Carve Out Expenses"):

    a) statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. Section 1930(a)(6);

    b) fees payable to the Clerk of the Court;

    c) the unpaid and outstanding reasonable fees and expenses actually incurred on or after the Petition Date, and approved by a final order of the Court pursuant to Sections 326, 328, 330, or 331 of the Bankruptcy Code (collectively, the "Allowed Professional Fees") by attorneys, accountants and other professionals (collectively, the "Professionals") retained under Sections 327 or 1103(a) of the

    Bankruptcy Code by the Debtor, an aggregate amount not to exceed the amounts for each such firm of professionals for each period as set forth in the Budget (collectively, the "Professional Fee Carve Out").

10. The terms of this Order shall not constitute conclusive or presumptive evidence concerning the issues of adequate protection in the event such issues are raised between the Debtor and the Secured Creditor.

11. The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) confirming any plan of reorganization in this case, (b) converting this case to a case under Chapter 7 of the Bankruptcy Code, or (c) dismissing this Chapter 11 case.

12. Within one (1) business day from the date of the entry of this Cash Collateral Order, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Cash Collateral Order on: (a) the parties having been given notice of the Application; (b) any party that has filed prior to such date a request for notice under Bankruptcy Rule 2002 with this Court; (c) counsel for any official committee appointed in this case, if any; and (d) the Internal Revenue Service.

13. This Interim Order shall become effective immediately upon its entry.

Dated: May \_\_, 2014

            _____
            UNITED STATES BANKRUPTCY JUDGE