512-001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | Case No.: 14-01948 (EAG) |
| RAMALLO BROS. PRINTING, INC. | Chapter: 11 |
| Debtor. | |

**MOTION TO INFORM LANDOLORD'S POSITION AS TO
DEBTOR'S REQUEST FOR USE OF CASH COLLATERAL**

TO THE HONORABLE BANKRUPTCY COURT:

COMES NOW, by counsel, the Municipality of San Juan (hereafter the "MSJ"), and very respectfully represents and prays as follows:

1. On March 14, 2013 (the "Petition Date"), Ramallo Bros. Printing, Inc. ("the "Debtor") filed this Chapter 11 petition. Docket No. 1.

2. On May 7, 2014, the Debtor filed a motion requesting authorization to use LSREF2 Island Holding, Ltd. Inc.'s cash collateral from March 2014 up to July 2014, together with a proposed budget for said period. Docket No. 53.

3. As reflected in Debtor's schedules, the Debtor leases from the MSJ a commercial property from which it operates its business pursuant to a Lease Agreement executed on December 15, 2010 (the "Lease Agreement"). *See* Docket No. 1, p. 30, Schedule G (Executory Contracts and Unexpired Leases).

4. Under said Lease Agreement, the Debtor leases a space of 245,904 square feet in an industrial building with a total leasable area of 359,851 square feet (*i.e.*, the Debtor occupies 68.33% of the leasable area) located at Quebrada Arenas Ward, Rio Piedras, Puerto Rico (the "Property"). *See* **Exhibit A**, p. 16, Article 9.1.

5. Since the Lease Agreement was executed on December 15, 2010, the Debtor has been the only party leasing and occupying space in the Property.

6. As of December 15, 2013, the monthly rent payment due from the Debtor to the MSJ under the Lease Agreement is **$200,411.76** ($9.78/sq. feet). *Id.*

7. According to MSJ's records, the Debtor has not made a monthly rent payment since April of 2012.

8. In addition, Article 11.6 of the Lease Agreement provides as follows:

   > The Municipality and/or the Landlord shall provide and assume the cost of all basic utilities including but without limitation, the access for the services of water, electricity, gas… Notwithstanding, the Parties agree that Ramallo and/or the Lessee shall reimburse the Municipality and/or the Landlord on a monthly basis for the consumption of said utilities."

   *Id*, pp. 22-23, Article 11.6. (Translation ours).

9. The average monthly amount due for the consumption of electricity during the last three months is **$251,316.59**, itemized as follows:

   a. Invoice Date: January 31, 2014    Total Due $275,965.98

   b. Invoice Date: February 28, 2014    Total Due $226,350.16

   c. Invoice Date: March 31, 2014    Total Due $251,633.61

10. Debtor was paying the cost of electricity directly to the Puerto Rico Electric and Power Authority (PREPA) until June 2013. Since then, the Debtor has not paid PREPA and has not reimbursed the MSJ for the consumption of electricity.

11. Under 11 U.S.C. § 365(d)(3), "[t]he trustee **shall timely perform all obligations** of the debtor …arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…" (Emphasis added).

12. Accordingly, the Debtor shall timely perform all obligations under the Lease Agreement, which include, *inter alia*, the monthly rent payment and the payment of utilities (electricity, water, etc.).

13. The payment of rent and utilities is a basic, necessary recurring expense of Debtor's business operations and, as such, of Debtor's attempt to achieve a successful reorganization.

14. These expenses are entitled to administrative priority. *See*, *e.g.*, *In re Exchange Resources, Inc.*, 214 B.R. 366 (Bankr. D. Minn. 1997) (holding that even the attorneys' fees incurred by the landlord as a result of Debtor's a post-petition default are recoverable if provided under the lease and are entitled to administrative priority).

15. Notwithstanding the above, in the proposed budget the Debtor submitted with its request to use the secured creditor's cash collateral, the Debtor does not provide for the payment of rent or utilities to the MSJ.

16. The Debtor states that it is not providing for the payment of such necessary administrative expenses from March to July of 2014, inasmuch it has an alleged "credit" with the MSJ.

17. The MSJ submits that it is the Debtor who owes over $2 million to the MSJ in pre-petition rent and utilities under the Lease Agreement. For this reason, the MSJ objects to Debtor's continued use and enjoyment of the leased premises on a rent/utilities-free basis.

18. This Court is well aware of the consequences that a debtor must confront if its business operations cannot generate sufficient income to provide for the payment of basic operating expenses.

**WHEREFORE**, the Municipality of San Juan respectfully requests this Honorable Court: (i) to take note of its position as to Debtor's Motion for Use of Cash Collateral, at docket number 53; (ii) to order the Debtor to provide for the payment of rent and utilities as per the terms of the Lease Agreement it executed with the Municipality of San Juan; and/or (iii) to grant any other relief in favor of the Municipality of San Juan as is just and proper in light of the above referenced circumstances.

**CERTIFICATE OF SERVICE**: We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems which will send notification of such filing to debtor's counsel of record, the Office of the United States Trustee, and all CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 8th day of May 2014.

**O'NEILL & GILMORE, P.S.C.**
*Attorneys for the Municipality of San Juan*
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan PR  00918-2019
Tel. (787) 620-0670
Fax (787) 620-0671


*s/ Patrick D. O'Neill*
USDC-PR No. 128202
E-mail: pdo@go-law.com


*s/Lucas A. Córdova-Ayuso*
USDC-PR No. 226805
E-mail: lcordova@go-law.com