**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN THE MATTER OF | Bankruptcy No.: 14-01948 (EAG) |
| RAMALLO BROS. PRINTING, INC. | Chapter: 11 |
| Debtor | |

**STIPULATION ON THE USE OF CASH COLLATERAL**
**AND ADEQUATE PROTECTION**

**TO THE HONORABLE COURT:**

**COME NOW** LSREF2 ISLAND HOLDINGS, LTD, INC. ("Island Holdings"), successor in interest to Firstbank Puerto Rico ("Firstbank")[1], and RAMALLO BROS. PRINTING, INC. ("Debtor"), each by their respective undersigned counsel, and respectfully submit this Stipulation on the Use of Cash Collateral and Adequate Protection (the "Stipulation")

**Preliminary Statement**

After substantial negotiations, the Debtor and Island Holdings have agreed to the Stipulation contained herein, whereby, among other things, Island Holdings consents to the Debtor's limited use of Island Holding's cash collateral to satisfy certain operating expenses solely under and pursuant to the terms of the Stipulation and the adequate protection provided herein. Currently, the Debtor has no debtor-in-possession financing and, thus, requires the use of cash collateral to satisfy operating expenses pending the resolution of this bankruptcy case. Therefore, Island Holdings and the Debtor respectfully submit that the terms of this Stipulation should be promptly approved as they are critical and necessary to provide and assure the

---

[1] Pursuant to that certain Loan Portfolio and Real Estate Owned Purchase Agreement entered into as of March 28, 2013 between Firstbank and Island Holdings.

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document    Page 2 of 16

In re Ramallo Bros. Printing, Inc.                                Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*                                                           Page 2

continuity of the Debtor's business, the preservation of the going concern value of the Debtor's estate and Debtor's ability to reorganize under this bankruptcy case.

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and of the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are Sections 105(a), 361, 362, 363, 364, 365, 1107 and 1108 of Title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bank. P. 4001(b) and Local Bankruptcy Rule 4001-2.

### Background

**A. The Bankruptcy Filing:**

1. On March 14, 2014, Debtor filed a voluntary petition for reorganization under the provisions of Chapter 11 of the Bankruptcy Code ("Petition Date"), and as of that date has been operating its business and managing its affairs as debtor-in-possession, as provided for in the Bankruptcy Code. See **Docket No. 1.**

2. On March 20, 2014, Island Holdings filed a motion requesting entry of order prohibiting use of cash collateral and for adequate protection (the "Motion"). See **Docket No.11**.

3. On April 7, 2014, Debtor filed an Opposition to the Motion and requested an order for the use of cash collateral. See **Docket No. 26**.

4. On April 8, 2014, the court issued an order scheduling a hearing for May 5, 2014.

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 3 of 16

In re Ramallo Bros. Printing, Inc.     Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*     Page 3

See **Docket No. 28**.

5. Since the Petition Date, the Debtor has not deposited payments on accounts receivables in any segregated accounts accredited to Island Holdings.

6. During the May 5, 2014 hearing, the Court entered an order approving an interim agreement for the use of cash collateral until May 9, 2014 up to a maximum of $300,000, for use only for expenses and payroll necessary and essential to maintain the Debtor's operations. Pursuant to said order, Debtor was required to make a cash payment of $20,000 on May 5, 2014 to Island Holdings. See **Docket No. 50**.

7. In addition, Island Holdings would be entitled to a replacement lien on post-petition account receivables and inventory used or sold up to May 9, 2014. Debtor was ordered to provide a new detailed budget including an accounting of cash collateral used since the bankruptcy filing. See **Docket No. 50**.

8. On May 5, 2014, the Debtor delivered the $20,000 payment to Island Holdings.

**B. The Loan Documents:**

9. Prior to the Petition Date, Firstbank and Debtor entered into a Revolving Credit and Term Loans Agreement, granting Debtor certain credit facilities in the aggregate principal amount of twelve million seven hundred seventeen thousand eight hundred fifty two dollars ($12,717,852.00) (the "Credit Facilities"), authenticated under affidavit number 4,197 before Notary Public Jose J. Ledesma (as amended from time to time, the "Credit Agreement").

10. The Credit Agreement is evidenced by, among others, (i) a Term Note A dated December 15, 2010 in the principal amount of five million six hundred fifty seven thousand eight

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 4 of 16

In re Ramallo Bros. Printing, Inc.     Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*     Page 4

hundred fifty two dollars ($5,657,852.00), bearing interest as therein stated; (ii) a Term Note B dated December 15, 2010 in the principal amount of one million nine hundred thousand dollars ($1,900,000.00), bearing interest as therein stated; and (iii) a Revolving Loans Note dated December 15, 2010 in the principal amount of five million one hundred sixty thousand dollars ($5,160,000.00), bearing interest as therein stated, (collectively, the "Promissory Notes").

11. Debtor's obligations under the Credit Agreement are secured by, among other things, the following mortgage note and deed (hereinafter, the "Mortgage Note & Deed"):

> Mortgage note executed by Debtor on May 1, 2002, payable to the order of bearer, for the principal sum of seven hundred thousand dollars ($700,000.00) authenticated under affidavit number 7,032 of Notary Public Leopoldo J. Cabassa Saurí (hereinafter, "Mortgage Note"). Mortgage Note is guaranteed by a mortgage constituted through Deed Number 2 of May 1, 2002 of Notary Public Leopoldo J. Cabassa Sauri, recorded at page 169 of volume 434, property number 9,028 of Cidra, Registry of the Property, Second Section of Caguas (hereinafter "Mortgage Deed").

12. On December 15, 2010, Firstbank and Debtor executed a Mortgage Note Pledge and Security Agreement, pursuant to which Debtor pledged, as collateral to secure all of the obligations under, among others, the Credit Agreement, the Mortgage Note (hereinafter, the "Mortgage Note Pledge Agreement").

13. The Mortgage Deed that guarantees the Mortgage Note, pledged in favor of Firstbank, as subsequently endorsed in favor of LSREF2, encumbers the following real property, described in the Spanish language as follows:

> URBANA: Parcel of land lot number three (3) located at Cidra Industrial Subdivision, Cidra, Puerto Rico. It bounds by the North, with land owned by Puerto Rico Urban Renewal and Housing Corporation; by the South, with street of

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 5 of 16

In re Ramallo Bros. Printing, Inc.     Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*     Page 5

the same industrial subdivision, by the East, with lot number four (4) of the same industrial subdivision and by the West, with lot number two (2) of the same industrial subdivision. It has a surface area of two thousand nine hundred ten point four hundred fifty eight square meters (2,910.458 s.m.), equivalent to zero point seven thousand four hundred five "cuerdas" (0.7405 cdas.). It is affected by a right-of-way for storm sewer lines which affect a strip of land three (3) meters wide along its northern and western boundaries.

The real property described above is recorded at page 60 of volume 227 of Cidra, property number 9,028, Registry of the Property of Puerto Rico, Second Section of Caguas (hereinafter, the "Real Estate").

14. On December 15, 2010, Firstbank and Debtor executed a Security Agreement (hereinafter, the "Security Agreement"), whereby Debtor pledged and granted to Firstbank, as collateral to secure all of the obligations under, among others, the Credit Agreement, a continuing first priority lien upon the following:

(a) <u>Accounts</u>. All of Debtor's present and future rights to payments for Inventory sold or leased or for services rendered, whether or not represented by instruments or chattel paper, and whether or not earned by performance; all of Debtor's now owned or hereafter acquired accounts, contract rights, chattel paper, instruments, documents and proceeds, including, without limitation, all insurance proceeds; proceeds of any letter of credit on which Debtor is beneficiary; and all forms of obligations whatsoever owing to Debtor, together with all instruments and documents of title representing any of the foregoing, all rights in any Inventory, and all rights, security and guaranties with respect to each of the foregoing, including, without limitation, any right of stoppage in transit.

(b) <u>Inventory</u>. All of Debtor's now owned and hereafter acquired inventory, including, without limitation, all goods, merchandise and other personal property furnished under any contract of service or intended for sale or lease, all raw materials, work in process, finished goods and materials and supplies of any kind, nature or description that are or might be used, consumed or sold in Debtor's business or are or might be used in connection with the manufacture, packing, shipping, advertising, selling or finishing of such goods, merchandise and other personal property, all returned or repossessed goods now, or at any time or times hereafter, in the possession or under the control of Debtor or the Secured Party, and all documents of title or documents representing the same.

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 6 of 16

In re Ramallo Bros. Printing, Inc.                           Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*                                       Page 6

(c) <u>Equipment</u>. All equipment of Debtor, now owned or hereafter acquired, including, without limitation, all machinery, tools, dies, blueprints, catalogues, computer hardware and software, furniture, furnishing, and fixtures.

(d) <u>Documents and Instruments</u>. All documents and instruments of Debtor, now owned or hereafter acquired.

(e) <u>General Intangibles, etc</u>. All now existing or hereafter acquired general intangibles of every nature, all permits (to the extent that they may be assigned), regulatory approvals (to the extent that they may be assigned), copyrights, patents, trademarks, service marks, trade names, mask works, good will, licenses (to the extent that they may be assigned), and all other intellectual property owned by Debtor or used in Debtor's business.

(f) <u>Deposit Accounts</u>. All deposit accounts, now existing or hereafter arising, maintained in Debtor's name with the Secured Party and any and all funds at any time held therein.

(g) <u>Books and Records</u>. All now existing and hereafter acquired books and records relating to the foregoing Security Collateral and all equipment containing such books and records (including, without limitation, computer data and storage media).

(h) <u>Contracts</u>. Any and all agreements entered into by Debtor with Persons in connection with the management, development and operation of Borrower's business, as such may be amended, modified or substituted.

(i) <u>Proceeds</u>. All Proceeds of the foregoing Security Collateral. For purposes of this Agreement (all of the foregoing, collectively, the "Personal Property").

15. On December 15, 2010, Firstbank and Debtor subscribed a Pledge and Assignment of Depository Accounts, (hereinafter, the "Account Pledge Agreement"), whereby Debtor pledged, assigned, set over and transferred as collateral to secure all of the obligations under, among others, the Credit Agreement, certain bank accounts held by Debtor with

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 7 of 16

In re Ramallo Bros. Printing, Inc.     Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*     Page 7

Firstbank identified under account numbers **-***5866; **-***4953; **-***0672; and **-***0727 (hereinafter, the "Accounts").

16. On December 22, 2010, Firstbank filed a Financing Statement in the Department of State of the Commonwealth of Puerto Rico, pursuant to section 9-301 of the Puerto Rico Commercial Transactions Act. 19 L.P.R.A. § 2251, in connection with the Security Agreement and the Account Pledge Agreement in order to perfect the collateral security described above. Said filing was assigned to Island Holdings on April 18, 2014.

17. As of the Bankruptcy Petition Date, Debtor owes Island Holdings not less than $11,411,672.44.

18. The Promissory Notes, the Mortgage, the Mortgage Note, the Mortgage Note Pledge Agreement, the Security Agreement, and the Account Pledge Agreement are collectively referred to as the "Collateral Documents"; the Collateral Documents and the Credit Agreement, collectively, the "Loan Documents"; the Real Estate, the Personal Property and the Accounts are collectively referred to as the "Collateral".

## **Stipulation**

1. The Debtor requires the use of the Cash Collateral to pay (among other things) present operating expenses in order to preserve the going concern value pending reorganization. Therefore, the Debtor has requested from Island Holdings, and Island Holdings has agreed and authorized Debtor to use certain of Island Holding's Cash Collateral for the period commencing retroactively on March 14, 2014 and ending on July 31, 2014 during the pendency of the Bankruptcy Case, subject to the time constraints and other conditions set forth

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 8 of 16

In re Ramallo Bros. Printing, Inc. Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral* Page 8

below. Island Holdings is willing to authorize such use solely under, and in reliance upon, the terms and conditions and adequate protection set forth herein.

2. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless: "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. §363(c)(2).

3. Pursuant to Section 361 of the Bankruptcy Code, a debtor may provide adequate protection by either `making periodic cash payments, providing additional or replacement liens, or providing such other relief which will result in the realization of the "indubitable equivalent" of the entity's interest in the property under consideration. 11 U.S.C. §361.

4. Debtor and Island Holdings have negotiated and agreed upon the terms of adequate protection that will entitle the Debtor to use Island Holdings' Cash Collateral on a consensual basis, as detailed and pursuant to the terms described below:

- **Authorized Use of Cash Collateral**. Pursuant to this agreement, Debtor shall be authorized to use Island Holdings' Cash Collateral solely to satisfy the permitted expenditures detailed and described and at the times set forth in the budget (the "Budget", attached as **Exhibit B**). Debtor's permitted expenses shall be those detailed and included in the Budget (the "Permitted Expenditures"). Island Holdings' Cash Collateral may only be used for, and is hereby limited to, the use of Permitted Expenditures. The total authorized use of Cash Collateral is as stated in the Budget (the "Authorized Cash Collateral") and for the period commencing retroactively on

Case:14-01948-EAG11   Doc#:60   Filed:05/09/14   Entered:05/09/14 09:12:24   Desc: Main
Document   Page 9 of 16

In re Ramallo Bros. Printing, Inc.                                              Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*                                                                      Page 9

March 14, 2014 and ending on July 31, 2014 (the "Stipulation End Date"). Island Holding's consent to use of Cash Collateral and Debtor's right to use the Cash Collateral shall terminate automatically on the earliest of the Stipulation End Date, upon a breach of this Stipulation or the date that the Cash Collateral is being utilized for purposes other than the Permitted Expenditures, provided, however, that the adequate protection provisions, representations, and protections contained in the Stipulation and granted to Island Holdings shall continue in full force and effect until all of Debtor's obligations under the Loan Documents have been satisfied in full. Furthermore, nothing contained herein shall obligate Island Holdings to extend any use of the Cash Collateral beyond the Authorized Cash Collateral or the Stipulation End Date. Finally, Debtor is not authorized to use Cash Collateral beyond the Authorized Cash Collateral, for any expenditure other than the Permitted Expenditures, nor beyond the Stipulation End Date.

- As such, Debtor agrees to make (and Island Holdings agrees to accept) adequate protection payments to Island Holdings, as follows:
  - Pay a monthly sum of $34,000 in advance and retrospective to the Petition Date. This represents a per diem amount of $1,133.33.
  - Up to May 9, 2014, the outstanding balance for adequate protection is $63,466.54.
  - The amount of $20,000 was received on May 6, 2014. Thus, leaving a net arrearage of $43,466.54 up to May 9, 2014.

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 10 of 16

In re Ramallo Bros. Printing, Inc. Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral* Page 10

- The adequate protection payment balance for the remaining days of May 2014 ascends to $23,799.93. This amount will be paid on May 16, 2014 by 5:00 p.m.

- In addition, the arrearage of $43,466.54 will be divided in three (3) installments, as follows:

- $14,474.58 on May 16, 2014 by 5:00 p.m.

- $14,478.58 on June 1, 2014 by 5:00 p.m.

- $14,478.58 on July 1, 2014 by 5:00 p.m.

- Thus, on May 16, 2014 Debtor should make a payment totaling $38,274.51, corresponding to the adequate protection payment for the remaining days of May 2014, plus a 1/3 payment of the arrearage.

- Thus, on May 30, 2014 Debtor should make a payment totaling $24,237.24, corresponding to 50% of the adequate protection payment for June 2014, plus a 1/3 payment of the arrearage.

- Thus, on June 13, 2014 Debtor should make a payment totaling $24,237.24, corresponding to 50% of the adequate protection payment for June 2014, plus a 1/3 payment of the arrearage.

- Thus, on June 27, 2014 Debtor should make a payment totaling $24,237.24, corresponding to 50% of the adequate protection payment for July 2014, plus a 1/3 payment of the arrearage.

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 11 of 16

In re Ramallo Bros. Printing, Inc.     Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*     Page 11

- Thus, on July 11, 2014 Debtor should make a payment totaling $24,237.24, corresponding to 50% of the adequate protection payment for July 2014, plus a 1/3 payment of the arrearage.

- **Adequate Protection - Replacement Liens**. Pursuant to Sections 361 and 363 of the Bankruptcy Code, as adequate protection for Island Holdings, Debtor hereby grants to Island Holdings a replacement lien and a post-petition security interest on all of the account receivables and inventory generated and/or acquired by the Debtor on and after the Petition Date (the "Replacement Liens"). The Replacement Liens shall be deemed effective and perfected as of the Petition Date without the need of the execution or filing by the Debtor or Island Holdings of any additional security agreements, pledge agreements, chattel paper, guaranties, financing statements or other agreements.

- **Adequate Protection – Monthly Payments**. Pursuant to Sections 361 and 363 of the Bankruptcy Code, as adequate protection for Island Holdings, the Debtor hereby agrees to pay to Island Holdings, the payments listed above in the dates listed above after covering the Permitted Expenditures included in the Budget with a first payment due May 16, 2014.

- **Additional Adequate Protection – Reporting Rights**. Pursuant to Sections 361 of the Bankruptcy Code, as additional adequate protection, the Debtor shall submit to Island Holdings monthly reports detailing: (a) the amount, aging, and description of all of Debtor's accounts receivable income; (b) the amount of Cash Collateral

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 12 of 16

In re Ramallo Bros. Printing, Inc.     Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*     Page 12

collected and/or used to satisfy Permitted Expenses; and (c) Debtor's reorganization efforts (collectively, the "Reports"). The Reports shall be submitted on or before the twentieth day of each month, and shall detail the respective activities as of the end of the prior month.

- **Additional Adequate Protection - Sale Proceeds**. As additional adequate protection, the Debtor hereby agrees that upon any consummation of any court approved sale of substantially all or any of the Debtor's assets (e.g., the equipment and/or real estate properties) the proceeds of such sale shall be paid immediately and indefeasibly to Island Holdings for its benefit at the closing of such sale in an amount equivalent to the outstanding balance of the Credit Facilities under the Loan Agreement plus any post-petition interest and/or charges that may have accrued in accordance with the Bankruptcy Code.

- **Additional Adequate Protection - Credit Bid**. Island Holdings shall have the right to credit bid the indebtedness owed thereto under the Loan Documents, in whole or in part, in connection with any sale or disposition of Debtor's assets (whether or not such asset sale or disposition is undertaken or proposed under or pursuant to the terms of any consensual or nonconsensual chapter 11 plan of reorganization or liquidation of or for Debtor (including under section 1129(b)(2)(A)(i), (ii) and/or (iii) of the Bankruptcy Code), whether proposed by Debtor, a creditor committee, or any other party, by motion under section 363 of the Bankruptcy Code, or otherwise under

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 13 of 16

In re Ramallo Bros. Printing, Inc. Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral* Page 13

applicable law), and Debtor hereby waives all rights to oppose such credit bid rights of the Lender.

- **Continuing Obligation**. Debtor's obligation to grant the Replacement Liens, continued biweekly adequate protection payments, and all other adequate protection provisions, as the Debtor's representations, covenants and obligations under this Stipulation shall: (i) continue in full force and effect until all of the Debtor's obligations under the Loan Documents have been satisfied in full or otherwise settled; and (ii) be binding upon any successor to the Debtor including, but not limited to, any Chapter 11 trustee or any trustee appointed in any Chapter 7 case of Debtor in the event of a conversion.

- **Reservation of Rights**. Notwithstanding anything to the contrary contained in this Stipulation, Island Holdings shall have the right to seek any relief it deems necessary or appropriate before this Court including, but not limited to, a motion seeking (a) relief from the automatic stay upon any ground or cause in the event of a change in circumstances; and/or (b) adequate protection in addition to those provided in this Stipulation in the event of a change in circumstances.

- **No Novation**. It is hereby understood and agreed by each of the parties hereto that this agreement is not intended to constitute an extinctive novation ("novación extintiva") of the obligations and undertakings of the parties under any of the Loan Documents, as amended to date. The Debtor ratifies, reaffirms, confirms, consents to and acknowledges all of the terms and conditions of the Credit Agreement, the Loan

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 14 of 16

In re Ramallo Bros. Printing, Inc. Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral* Page 14

Documents and all of the security interests, mortgages or liens over the Collateral provided for in the Loan Documents and the Debtor's obligations under such documents.

- **Events of Default.** The following shall constitute an event of default and entitle Island Holdings to exercise all of its remedies and shall cause the automatic termination of the Debtor's authorization to use Cash Collateral: (1) any representation, warranty or other written statement made by Debtor, or by an authorized representative of Debtor, to Island Holdings with regards to the initiation, negotiation, discussion, and/or execution of this Stipulation proves to have been false or misleading in any material respect when made; or (2) Debtor shall breach any covenant or obligation contained in the Stipulation or fail to comply with or fail to perform any of the terms, conditions or covenants or its obligations set forth in the Stipulation; or (3) if any of the Loan Documents ceases to be in full force or effect; or (4) a trustee or an examiner with enlarged powers relating to the operation of Debtor's business (powers beyond those set forth in sections Section 1106(a)(3) and (a)(4) of the Bankruptcy Code), shall be appointed in the Bankruptcy Case; or (5) any lien on any of the Collateral which is *pari passu* with or senior to the claims of the Island Holdings shall be granted or Debtor shall file a motion seeking approval of any such lien; or (6) the termination of any of Debtor's exclusive rights under Section 1121 of the Bankruptcy Code; or (7) on a cumulative basis, Debtor's actual cash disbursements shall vary from the Budget in excess of ten percent (10%) of the

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 15 of 16

In re Ramallo Bros. Printing, Inc.  Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*  Page 15

amount budgeted, which cumulative variance shall be measured on a weekly basis and subject to a five (5) business day grace period; or (8) the filing of any motion to approve a sale of all or a substantial portion of Debtor's assets without the prior written approval of the Lender; or (9) Debtor's failure to comply with any of its adequate protection obligations to the Lender under the Stipulation; or (10) the Bankruptcy Case shall be converted into a chapter 7 case; or (11) the amount of Cash Collateral used for any expense varies on any month by more than ten percent (10%) in value from the representations contained in the Budget.

- **<u>Effect of Stipulations on Third Parties</u>**. The Stipulation and any admissions, releases and waivers contained herein shall be binding upon Debtor and all other parties in interest including, but not limited, upon conversion of the bankruptcy case to chapter 7 or dismissal of the bankruptcy case.

5. Debtor agrees to permit a tour and inspection of all Debtors' operations and facilities by Island Holdings within the next 45 days and upon 48 hours prior written notice to the Debtor.

6. Debtor hereby agrees that all terms and conditions contained in this Stipulation, in favor of Island Holdings, shall constitute res judicata in any subsequent petition for relief under the Bankruptcy Code filed by Debt.

**WHEREFORE,** Debtor and Island Holdings pray for this Honorable Court to approve this stipulation, grant the reliefs requested herein and enter any order deemed necessary and appropriate.

Case:14-01948-EAG11 Doc#:60 Filed:05/09/14 Entered:05/09/14 09:12:24 Desc: Main
Document Page 16 of 16

In re Ramallo Bros. Printing, Inc.                               Bankr. Case No. 14-01948(EAG)
*Stipulation on Cash Collateral*                                     Page 16

## NOTICE OF TIME TO RESPOND

Within FOURTEEN (14) calendar days after service as certified below, or such other time as the court may order hereafter, the Debtor shall serve and file an objection or other appropriate response to this motion with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

In San Juan, Puerto Rico, this 9th day of May, 2014.

| **FUENTES LAW OFFICES, LLC** | **FERRAIUOLI LLC** |
|---|---|
| Attorney for Debtor | Attorneys for Island Holdings |
| | |
| Alexis Fuentes-Hernández | Sonia E. Colón |
| P.O. Box 9022726 | PO Box 195168 |
| San Juan, P.R. 00909-2726 | San Juan, PR 00919-5168 |
| Telephone: (787)722-5215/5216 | Telephone: (787) 766-7000 |
| Fax: (787)722-5206 | Fax: (787) 766-7001 |
| | |
| */s/ Alexis Fuentes Hernández* | */s/ Sonia E. Colón* |
| USDC No. 217201 | USDC No. 213809 |
| E-mail: alex@fuentes-law.com | E-mail: scolon@ferraiuoli.com |
| | |
| | */s/ Iraida B. Rodríguez Castro* |
| | USDC No. 300711 |
| | E-mail: irodriguez@ferraiuoli.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS SAME DATE, I ELECTRONICALLY FILED THE FOREGOING WITH THE CLERK OF THE COURT USING THE CM/ECF SYSTEM WHICH WILL SEND NOTIFICATION OF SUCH FILING TO CM/ECF PARTICIPANTS. COPY OF THIS NOTICE WILL BE SENT BY POSTAGE PREPAID TO THOSE PARTIES LISTED ON DEBTOR'S' LIST OF CREDITORS HOLDING THE 20 LARGEST UNSECURED CLAIMS.

                                                                                */s/ Iraida B. Rodríguez Castro*