UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN THE MATTER OF:

RAMALLO BROS. PRINTING, INC.

Debtor

CASE NO. 14-01948 (EAG)

CHAPTER 11

MOTION TO REJECT EXECUTORY CONTRACT
AND FOR EXTENSION OF TIME TO REACH AGREEMENT

TO THE HONORABLE COURT:

COMES NOW Debtor through its undersigned counsel and very respectfully states and prays as follows:

1. Prior to the filing of Debtor's 11 U.S.C. Chapter 11 petition, Debtor executed an executory contract with the Municipality of San Juan for the rental of Debtor's premises of approximately 245,904 square foot, located at Road #1, Quebrada Arenas Ward, San Juan, Puerto Rico.

2. Under 11 U.S.C. §1107(a), except for investigative duties, the debtors in possession are given the rights and powers of a Chapter 11 trustee.

3. Pursuant to 11 U.S.C. §365(a), Debtor may reject the executory contract set forth above.

4. The executory contract with the Municipality of San Juan has not expired and is executory.

5. Debtor has decided, in its best business judgment, to reject the lease agreement

with the Municipality of San Juan since it is onerous and burdensome.

6. Under the Bankruptcy Code, most courts have applied a "business judgment" test to debtor-in-possession's decisions to assume or reject a lease contract. In *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d. 1095(2d Cir. 1993), the Court of Appeals for the Second Circuit expanded upon its prior decision in *In Re Minges,* and explained the Court's role in the assumption/rejection process "as [one of] an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in possession, and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate." The Court found that "a bankruptcy court reviewing a trustee's or debtor-in-possession's decision to assume or reject an executory contract should examine [the] contract and the surrounding circumstances and apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it." The required business judgment is the type of judgment a businessperson would make under similar circumstances. 3 Collier on Bankruptcy, 15th ed. Rev., §365.03[2]. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d. 1303 (5th Cir. 1985); *In re Prime Motors, Inc.*, 124 B.R. 378 (Bankr. S.D.Fla. 1991).

7. In applying the business judgment test, one element to be considered is the size of the claim flowing from the breach caused by rejection. That consideration, however, should not lead the court to adjudicate disputed aspects of the contract or lease. A motion to assume or reject is a summary proceeding, "intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate." Collier, op. cit., §365.03[2]. See *Orion Pictures Corp.*, 4 F.3d. at 1098-99.

8. As stated above, under Section 365(a) Debtor, as debtor-in-possession, may reject the executory contract referred to above.

9. Debtor has already submitted a proposal to the Municipality of San Juan to reach an agreement for the continuous use of the premises, being on a short term or long term basis. However, the parties will need more time to ascertain if an agreement can be reached. As such, Debtor hereby requests a period of forty five (45) days to reach an agreement with the Municipality of San Juan on a new rental agreement, short term or long term, or on the amount to be paid for the use and occupancy of the premises.

**WHEREFORE**, it is respectfully prayed that an order be entered granting Debtor leave to reject the executory contract with the Municipality of San Juan and granting the parties a period of forty five (45) days to reach an agreement on a new rental agreement, short term or long term, or on the amount to be paid for the use and occupancy of the premises.

## NOTICE OF TIME TO RESPOND

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this motion with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the **Municipality of San Juan through counsel**, **LSREF2 through counsel,** the **Assistant US Trustee**, and all participants of CM/EMF.

San Juan, Puerto Rico, this 30th day of May, 2014.

*s/ Alexis Fuentes-Hernández, Esq.*
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201

**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215, 5216
Fax. (787) 722-5206
E-Mail: alex@fuentes-law.com